UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC, and DOES 1-25, inclusive,<br><br>Defendants. | Civil No. 05cv2057-L(JMA)<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING** |

This is an unfair debt collection action pursuant to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Plaintiff alleges he received a form letter from Defendant, a debt collector. The letter stated in part that Defendant purchased Plaintiff's debt, and that "your credit bureau report may be reviewed. Now is the time to improve your credit report." (Compl. Exh. A.) Plaintiff alleges that the letter violated the law, and that Defendant engaged in unlawful practices. Plaintiff seeks to certify a class action, and obtain a declaratory judgment that Defendant's practices are unlawful, statutory damages, as well as attorneys' fees, costs and expenses of litigation. After Defendant filed an answer denying liability, the parties filed a Joint Motion for Class Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class ("Joint Motion"). Upon review of all the documents submitted by the parties, the Court finds their submissions should be supplemented.

In the Complaint, Plaintiff alleges the letter violated the law in two respects: (1) it did not provide a 30-day validation notice as set forth in 15 U.S.C. §1692g(a); and (2) the reference to credit bureaus is misleading because under the Fair Credit Reporting Act a credit bureau cannot report a debt charged off more than seven years previously. (Compl. ¶¶ 17-22.) The Joint Motion and the proposed notice to the class appear to be based solely on the second theory of liability.[1] If it was the parties' intent not to base their settlement of the first theory, lack of a 30-day validation notice, then it does not appear that a class action can be certified under the proposed definition of the class, and the proposed settlement cannot be found to be fair, reasonable and equitable on a preliminary basis.

At the preliminary fairness hearing the "judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Federal Judicial Center, Manual for Complex Litigation ¶21.632 (2004). Heightened attention to class certification requirements is due when the parties enter into a settlement agreement before class certification. *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Plaintiff's theory that the reference to credit bureaus is misleading because a credit bureau cannot report a debt charged off more than seven years previously, depends on the assumption that the debt had been charged off. This was clearly the case with Plaintiff, who had discharged his debt in bankruptcy more than seven years prior to receiving the letter. (Compl. ¶ 11.) The proposed class definition, however, does not limit the class to those individuals whose debt had been charged off. (*See* Joint Motion at 2-3.) It therefore does not appear that Plaintiff's claims are typical of the class or that there is a commonality of questions of law or fact, as required by Federal Rule of Civil Procedure 23(a) and (b)(3). To the extent the parties intended to base their Joint Motion on the theory that the letter failed to include a 30-day validation notice set forth in 15 U.S.C. §1692g(a), the Joint Motion does not so state, and should be supplemented.

/ / / / /

---

[1] The court acknowledges that Defendant is not admitting any wrongdoing.

The settlement proponents ultimately have the burden to show that the proposed settlement is fundamentally fair, adequate, and reasonable. *Staton*, 327 F.3d at 959; *see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 699 F.2d 615, 625 (9th Cir. 1982); *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). In this regard, the court must make a preliminary determination before a settlement notice is given to the class. Manual of Complex Litigation §21.623. The proposed settlement provides for putative class members to receive a 20% reduction of their balance due Defendant. (Joint Motion at 3.) With respect to those members who made a payment after they received the letter, the settlement agreement additionally provides they would receive a check in the amount of 60% of the payment. (*Id.*) Accordingly, it appears that the members whose debt had been charged off or paid receive no benefit from the settlement because, presumably, they owe nothing. (*See* Settlement Agreement at 12 ("if the Settlement Class Member has taken unilateral action with the account, such as to pay it off, file Chapter 7 bankruptcy, or to make it otherwise impossible or impracticable to issue a credit, [Defendant] will be relieved of such duty to do so.").) In their supplemental briefing the parties should estimate the number of putative class members who will not benefit by the settlement because their debt was charged off, paid or because they filed Chapter 7 bankruptcy.

In their Joint Motion, the parties request the court to approve the proposed notice of class certification, class action settlement, and intent of class counsel to move for attorneys' fees. Rule 23(c)(2)(B) requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The parties propose to send notice via first class mail to the class members' last known address as identified in Defendant's business records. (Settlement at 9.) If Defendant's business records do not reveal a valid address or notice is returned by the Postal Service, Defendant is relieved of its obligation to send a notice. (*Id.*) Proposed class notice further provides that only class members who do not have their notice returned by the Postal Service will receive any recovery. (Settlement Exh. B at 2.) Based on this consequence, sending notices to the addresses contained

/ / / / /

in Defendant's business records, without more, does not amount to a reasonable effort to identify putative class members as required by Rule 23.

In addition, the notice must announce the terms of the proposed settlement, including the procedures for allocating and distributing settlement funds.  Manual of Complex Litigation §21.312.  The proposed class notice leaves out the condition that "if the Settlement Class Member has taken unilateral action with the account, such as to pay it off, file Chapter 7 bankruptcy, or to make it otherwise impossible or impracticable to issue a credit, [Defendant] will be relieved of such duty to do so." (Settlement Agreement at 12.)  This may be an important consideration in a member's decision whether to opt out, and should be included in the notice.

Last, the proposed settlement provides that the court retain jurisdiction over all disputes arising out of the Settlement Agreement.  In this regard, the parties are encouraged to consider stipulating to magistrate judge jurisdiction pursuant to Civil Local Rule 72.1.

**IT IS SO ORDERED**.

DATED: June 4, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL