UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on Behalf of Himself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., and DOES 1-25, inclusive,<br><br>  Defendants. | Civil No. 05cv2057-L(JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, AND NOTICE TO THE CLASS [DOC. NO. 15, 22]** |

This is an unfair debt collection action pursuant to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Plaintiff alleges he received a form letter from Defendant, a debt collector in violation of the fair debt collection laws. He seeks to certify a class action, obtain a declaratory judgment that Defendant's practices were unlawful, statutory damages, and attorneys' fees, costs and expenses of litigation.

After Defendant filed an answer denying liability, the parties filed a Joint Motion for Class Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class ("Joint Motion"). Upon review of the documents submitted by the parties, the court found they were inadequate to warrant preliminary settlement approval. By order signed June 4, 2007, the court ordered supplemental briefing and identified the areas of concern the parties were to address. On December 28, 2007, Plaintiff filed a Supplemental Brief

in Support of the Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class ("Supp. Brief"). Plaintiff indicated that in addition to the concerns expressed by the court, the parties received a letter from the office of the California Attorney General also raising concerns regarding the settlement. In light of the concerns expressed by the court and the California Attorney General, they renegotiated the settlement. The Supplemental Brief is based on the new settlement agreement.

The Complaint alleges the collection letter Plaintiff received from Defendant stated in pertinent part: "Your account has been purchased by NCO Portfolio Management . . .. If you have applied for a loan, new job, credit card, insurance or an apartment, your credit bureau report may be reviewed. Now is the time to improve your credit report." (Compl. ¶ 12-15, 19-21 & Exh. A.) Plaintiff had discharged the debt some twenty years earlier. (*Id.* ¶ 20.) He alleged the reference to credit bureaus was false, deceptive, and misleading under 15 U.S.C. §§ 1681 *et seq.* and §§ 1692 *et seq.* because "a credit bureau cannot report a debt charged off more than seven years previously" and because the reference "mislead[s] the least sophisticated debtor into believing that payment or nonpayment of the claimed debt may impact the consumer's credit rating, when that is not true."[1] (Compl. ¶ 20.) The same language was alleged to violate California Civil Code Section 1788 *et seq.* (Comp. ¶ 22.) Plaintiff further alleged that sending letters such as the letter he received was Defendant's policy and practice. (*Id.* ¶¶ 23, 24.)

The parties propose to certify a settlement class consisting of

> natural persons with California addresses who meet the following criteria: (a) he/she was sent a letter by NCO Financial Systems, Inc. in the same or substantially similar form to the letter represented by Exhibit A attached to the Agreement ("hereinafter the "Letter"); (b) the Letter was sent on or after November 3, 2004 and on or before March 10, 2006 and the Letter was not returned by the Postal Service; and (c) the Letter seeks to collect a debt originally owed to American General Finance.

---

[1] Plaintiff also alleged that the letter violated 15 U.S.C. § 1692g for failure to provide a validation notice. (Compl. ¶¶ 16, 17.) However, after discovery, Plaintiff decided to "dismiss" this claim. (Supp. Brief at 2.) No dismissal has been filed to date on that claim, however.

Under the First Amended Settlement Agreement, in exchange for a release, Defendant will waive and forgive each class member's debt underlying the letter and pay $23 to each class member who timely submits a claim. (Supp. Brief at 3; First Am. Class Action Settlement Agreement ("Agreement") at 12-13.) In addition, Defendant will pay the named Plaintiff $2,000 in recognition of his services, $7,000 to a mutually-agreed charitable organization, and $15,000 for attorneys' fees and costs. (Agreement at 12-13, 15.)

Upon review of the Complaint, Supplemental Brief, Joint Motion and the First Amended Class Action Settlement Agreement, the Joint Motion is **DENIED WITHOUT PREJUDICE**. When the parties renew their motion:

1. The parties must address the issue of settlement fairness. The settlement proponents ultimately have the burden to show the proposed settlement is fundamentally fair, adequate, and reasonable. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 699 F.2d 615, 625 (9th Cir. 1982); *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). The court must be in a position to make a preliminary determination before a notice is given to the class. Manual of Complex Litigation §21.623 (Fed. Jud. Ctr. 2004). Plaintiff represents the total current face value of the debt forgiveness terms of the settlement is approximately $5.8 million and there are approximately 1,400 putative class members. (Supp. Brief at 5.) The average debt per class member therefore amounts to over $4,000. The settlement provides for the same award to class members who paid all or any portion of their debt upon receiving the allegedly misleading letter as the class members who paid none of their debt. This amounts to vastly disparate treatment among class members. For example, a class member who paid off a $4,000 debt upon receipt of the letter will receive no benefit from the debt forgiveness terms of the settlement and $23 from the monetary terms of the settlement, if he or she timely files a claim. On the other hand, a class member who paid no portion of his or her $4,000 debt will receive a $4,000 benefit from the

/ / / / /
/ / / / /
/ / / / /

debt forgiveness terms of the settlement,[2] if he or she does nothing, and a $4,023 benefit from the debt forgiveness and monetary terms of the settlement if he or she timely files a claim. The class members who sustained greater damage receive less relief than the class members who sustained lesser damage. The parties provide no information or argument to show how their proposed settlement is fundamentally fair, adequate, and reasonable. Based on their initial settlement agreement, it appears possible to determine from Defendant's records the amounts paid and owing for each class member. In addition, the parties shall estimate the number of class members whose debt had been charged off more than seven years before they received Defendant's letter. The parties should consider this information in formulating a settlement allocation plan, or explain why they should not.

2. The parties must address the issue of the named Plaintiff's proposed $2,000 cash award, which appears disproportionately large in comparison to the class members' $23 cash award. In their renewed motion, the parties should show how the named Plaintiff's award breaks down between damages and incentive payment, and how the incentive payment was earned.

3. The parties must provide an explanation why $7,000 is allocated to charitable purposes rather than added to the funds available for class members' damages. Typically, a *cy pres* award in class actions is made from unclaimed funds when equitable distribution of such funds to class members is not economically feasible.

4. The parties must submit a proposed order in an editable form as required by Electronic Case Filing Administrative Policies and Procedures Manual § 2(h).

**IT IS SO ORDERED**.

DATED: January 18, 2008

M. James Lorenz
United States District Court Judge

---

[2] The court allows that for the class members like Plaintiff, whose debt had been discharged more than seven years prior to receiving the letter and who did not send a payment after receiving the letter, the debt forgiveness benefit of the settlement amounts to nothing.

1. COPY TO:
2. HON. JAN M. ADLER
   UNITED STATES MAGISTRATE JUDGE
3. ALL PARTIES/COUNSEL