UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., and DOES 1-25, inclusive,<br><br>Defendants. | Civil No. 05cv2057-L(JMA)<br><br>**ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF A SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, AND APPROVING NOTICE TO THE CLASS WITH MODIFICATIONS** |

This is an unfair debt collection action pursuant to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("California FDCPA").  Plaintiff alleges he received a form letter from Defendant, a debt collector,  in violation of the fair debt collection laws.  He seeks to certify a class action, obtain a declaratory judgment that Defendant's practices were unlawful, statutory damages, and attorneys' fees, costs and expenses of litigation.

After Defendant filed an answer denying liability, on May 22, 2007 the parties filed a Joint Motion for Class Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class.  On May 29, 2007 the California Attorney General's office issued a letter raising concerns about the settlement.  The parties did not disclose the letter to the court at that time.  Upon review of the documents submitted by the parties, the court found they were inadequate to warrant preliminary settlement approval.  By

order signed June 4, 2007, the court ordered supplemental briefing and identified the areas of concern the parties were to address.

On December 28, 2007, Plaintiff filed a Supplemental Brief in support of the joint motion. In light of the concerns expressed by the court and the California Attorney General, the parties had renegotiated the settlement. However, concerns regarding settlement fairness and other issues remained, and the parties' initial motion was denied without prejudice on January 18, 2008.

Subsequently the parties for the first time engaged in formal discovery. They renegotiated the settlement again, and on December 23, 2008 entered into the Second Amended Class Action Settlement Agreement ("Agreement"). On January 6, 2009 they filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Second Amended Class Action Settlement Agreement, and Notice to the Class ("Joint Motion"). For the reasons which follow, the Joint Motion is **GRANTED**. The proposed notices to the class and subclass are **APPROVED AS MODIFIED**.

Plaintiff alleged that a form debt collection letter mailed by NCO Financial Systems, Inc. ("NCO" and "Letter," respectively) violated the FDCPA and California FDCPA by stating in part, "your credit bureau report may be reviewed. Now is the time to improve your credit report." Plaintiff contended that the reference to credit reporting was misleading because the threat to report the account to credit bureaus could not be legally carried out. Further, Plaintiff contended that the reference to credit bureau reporting was misleading because it incorrectly implied that payment or non-payment of the debt may impact the consumer's credit rating.[1]
NCO denied any and all liability asserted in this case.

The Parties established that the putative class consists of approximately 1,406 individuals to whom the Letter was sent during the class period. During the course of formal discovery, information was developed as to the temporal relationship between the Letter, other collection

---

[1] Plaintiff also alleged that the Letter violated the FDCPA because it failed to include the FDCPA "validation notice." Discovery, however, confirmed that the Letter was not the first form collection letter, consequently, Plaintiff agreed to dismissal of any and all claims relating to the "validation notice."

efforts by NCO, and payments by members of the putative class. In sum, 62 of the 1,406 individuals made payments to NCO at some point in time. Of the 62 individuals who made payments, 18 made at least one payment within 90 days after NCO sent him or her an Letter. Accordingly, the putative class consists of 1,406 individuals ("Class" or "Class Members" or "Members"), and includes a putative subclass of 18 individuals who began making payments to NCO within 90 days of the Letter being sent to them ("Subclass" or "Subclass Members" or "Members").

In exchange for a release, NCO promises to pay $23 to each Class Member who timely submits a claim. In addition, it will pay to each Member of the Subclass the amount the Member had paid to NCO since the Letter on his or her account subject to this case, provided the Member timely submits a refund claim. Defendant will waive and forgive the underlying debt referred to in the Letter for each Class Member who does not exclude him- or herself from the settlement. The value of debt forgiveness is disputed, however, its current face value is $5.8 million. In addition, NCO will pay the named Plaintiff $2,000 in statutory damages and in recognition of his services. Finally, NCO promises to pay class counsel's attorney's fees and costs in the amount by the court.

Upon review of the Complaint, Joint Motion and the Agreement, **IT IS HEREBY ORDERED** as follows:

1. Pursuant to Federal Rule of Civil Procedure 23, this action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of all natural persons with California addresses who meet the following criteria: (a) he/she was sent a letter by NCO in the same or substantially similar form to the Letter represented by Exhibit A attached to the Agreement; (b) the Letter was sent on or after November 3, 2004 and on or before March 10, 2006, and the Letter was not returned by the Postal Service; and, (c) the Letter seeks to collect a debt originally owed to American General Finance. NCO represents that there are approximately 1,406 Class Members. There exists within the Class a Subclass of 18 Class Members who made at least one payment to NCO on his or her American General Finance account referenced in the Letter within 90 days of the date NCO sent him or her the Letter.

2. For the reasons stated in the declaration of Darrell Ybarrondo dated December 23, 2008, Darrell Ybarrondo, named Plaintiff in this action, is certified as the Class Representative. For the same reasons and the reasons stated in the Joint Motion, the law firm of Wickman & Wickman, Attorneys at Law, is appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

3. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) and for the reasons stated in the Joint Motion, the court preliminarily finds with respect to the Class, including the Subclass:

   A. The Class Members are so numerous that joinder of all of them in this action is impracticable;

   B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

   C. The Class Representative's claims are typical of the claims of the Class Members;

   D. The Class Representative and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   E. A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

4. Pursuant to Federal Rule of Civil Procedure 23(e), the court preliminarily finds the proposed settlement to be fundamentally fair, reasonable, and adequate. The benefits provided to the Class and Subclass are reasonable, considering that the claims are disputed factually and legally, that the outcome of this action remains uncertain, and that, through the proposed settlement, the parties can avoid the risk and expense attendant to further litigation.

5. The court approves the form and substance of the notice of class action settlement to the Class and the Subclass, as set forth in the Agreement and attached to the Agreement as Exhibits D-1 and D-2, with the following changes:[2]

---

[2] Where appropriate, additions are marked by underscoring and deletions are marked by strikeout.

A. The section entitled as "Why did I get this notice?":

The beginning of the second full sentence shall read as: "The settlement ~~would~~ <u>will</u> resolve a lawsuit". The remainder of the sentence and section shall remain unchanged.

B. The section entitled as "When and where will the Court decide whether to approve the settlement?":

Correct the name of the undersigned to read M. James Lorenz.

C. The section entitled as "Do I have to attend the hearing?":

The entirety of this section shall read:

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You may attend in person and/or through your own attorney.

You cannot speak at the hearing if you have excluded yourself from the settlement. Once you have excluded yourself, the settlement does not affect your legal rights.

D. The section entitled as "What if I want to object to the settlement?

The first paragraph of this section shall be modified as follows:

If you have not excluded yourself from the settlement, you can object to the settlement if you do not believe it is fair or reasonable. If you wish to object, you must write a letter to the Court stating the specific reason for your objection~~, and describe any evidence you wish to introduce to support your objection~~. Please include <u>the case name and number appearing at the beginning of this notice</u>, your name, address, telephone number, ~~and~~ your signature, <u>and whether you intend to appear at the hearing</u>. Your letter must be mailed to all of the locations listed below, postmarked by _____, 2009. ~~You may combine your objection with a letter stating your intention to appear.~~

E. The section entitled as "What if I do nothing?":

The last sentence shall be modified as follows: "~~Unless you~~ <u>In addition</u>, you will not be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case." The following sentence shall be added:

On the other hand, if you exclude yourself, you will not receive any of the benefits of the settlement, the settlement will not affect your legal rights against the released parties, and you will be able to sue or continue a lawsuit against the released parties regarding the legal issues in this case.

/ / / / /

F.  The section entitled as "Who represents the Class?":

The following sentence shall be added at the end:  "If you so desire, you may enter an appearance through your own attorney."

G.  The section entitled as "Where can I get additional information?":

The parties shall provide a phone number for Class Members to call with questions.

H.  The parties shall review and revise the notices so as to make sure that the capitalization of the terms "Class," "Class Member," "Subclass" and "Subclass Member" is consistent.

I.  The date and signature block for the Clerk of Court shall be deleted.

6.  The court finds that the proposed notice, modified as provided in Paragraph 5 above, is clearly designed to advise the Members of the Class and Subclass of their rights and to protect the rights of absent Members.  The proposed form, as modified, and method for notifying the Members of the Class and Subclass of the class certification, settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), (e)(1) and due process, constitute reasonable and best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.

7.  Any Member of the Class or Subclass who desires to be excluded must mail a written request for exclusion to the NCO Claims Administrator at First Class, Inc. / Ybarrondo, 5410 W Roosevelt Rd,  Unit 222, Chicago, IL  60644-1478, with a postmark within 75 days from the date this order is filed.  To be effective, the written request for exclusion must be signed by the Member and must set forth his or her full name, address, and telephone number, along with a statement that he or she wishes to be excluded.  Any Member of the Class or Subclass who files a valid and timely request for exclusion shall not be bound by the terms of the Agreement and will not receive the benefits of the settlement.

8. Any Member of the Class or Subclass who intends to object to the fairness of the settlement must file a written objection with the court at the following address:  United States District Court, Southern District of California, Office of the Clerk, 880 Front Street, Suite 4290,

San Diego, CA 92101, within 75 days from the from the date this order is filed. Further, any such Member must, within the same time period, provide a copy of the written objection to Class Counsel at the following address: Steven Wickman Esq. / Christina Wickman, Esq., Wickman & Wickman, Attorneys at Law, 5151 Murphy Canyon Road, Suite 100, San Diego, CA 92123; and counsel for NCO at the following address: David Israel, Esq., Sessions, Fishman, Nathan & Israel, LLP, Lakeway Two, Suite 200, 3850 N. Causeway Blvd., Metairie, LA 70002-7227.

  A.  To be considered, the written objection must be signed by the Member and must set forth the case name and number, the Member's full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing.

  B.  Members who do not timely make their objections in this manner will be deemed to have waived them.

 9.  The court hereby approves the form and substance of the Claim Form and Refund Claim Form, as set forth in the Agreement and attached to the Agreement as Exhibits E-1 and E-2, and the proposed process for account closure, settlement payments, and refund payments.

 10.  The court will hold a hearing pursuant to Federal Rule of Civil Procedure 23(e) on July 6, 2009, at 940 Front Street, Courtroom 14, 5th Floor, San Diego, CA 92101, commencing at 11:00 a.m., to review the following issues:

  A.  Whether this action satisfies the applicable prerequisites for class action certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b);

  B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Members of the Class and Subclass so as to warrant approval by the court pursuant to Federal Rule of Civil Procedure 23(e);

  C.  Whether the Final Order and Judgment, attached to the Agreement as Exhibit C, should be entered, dismissing this action with prejudice and releasing the claims pursuant to the terms of the Agreement; and

  D.  To address any other issues as the court deems appropriate.

/ / / / /

11. Attendance at the hearing is not required. Members of the Class or Subclass need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, any Member may appear at the hearing if he or she so desires, in person and/or through his or her own counsel. The entire Class, including the Subclass, will be represented at the hearing by the Class Counsel.

12. After the hearing, the court will enter a Final Order and Judgment, as it deems appropriate, regarding all issues, except Class Counsel's attorneys' fees, costs, and expenses which shall be considered separately.

13. Upon consideration of any negotiated attorney fee agreement or any motion for attorney's fees, costs, and expenses and opposition memoranda thereto, if any, the court will enter an order as it deems appropriate regarding Class Counsel's attorneys' fees, costs, and expenses.

14. The Agreement shall be null and void, and this order will have no effect, if any of the following occurs:

    A. The Agreement is terminated by any of the parties as provided in the Agreement;

    B. The court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

    C. The court rejects any material component of the Agreement; or

    D. The court approves the Agreement, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /
/ / / / /

15. If the Agreement is voided per Paragraph 14 of this order, then the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as of March 23, 2006, as if the superseded settlement agreements or the Agreement had never been executed.

**IT IS SO ORDERED**.

DATED: March 4, 2009

_____
M. James Lorenz

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL