UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., and DOES 1-25, inclusive,<br><br>Defendants. | Civil No. 05cv2057-L(JMA)<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT** |

This is an unfair debt collection action pursuant to Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. Plaintiff alleges he received a form letter from Defendant, a debt collector, in violation of the fair debt collection laws. He seeks to certify a class action, obtain a declaratory judgment that Defendant's practices were unlawful, statutory damages, and attorneys' fees, costs and expenses of litigation. By order filed March 4, 2009 the court granted the Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Approving Notice to the Class with Modifications. On June 8, 2009 the parties filed a Joint Motion for Final Approval of Settlement. For the reasons which follow, the motion is **DENIED WITHOUT PREJUDICE** and the hearing set for July 6, 2009 is **VACATED**.

/ / / / /

1    By order filed March 4, 2009, the court certified on a preliminary basis, and for
2 settlement purposes only, a class and a subclass, approved the parties' Second Amended
3 Settlement Agreement ("Agreement"), and directed the parties to send notice and claim forms to
4 the class and subclass as provided in the Agreement.

5    The class counsel was charged with sending notice to the subclass of 18 individuals.
6 (Agreement ¶ 10.) The counsel more than complied with the requirements of the Agreement.
7 They received 16 of the 18 claim forms in response to the notice. (*See* Decl. of Christina E.
8 Wickman dated Jun. 3, 2009.)

9    In addition, the class counsel reported an overwhelmingly positive response to the
10 settlement from various class members who called them for information. (*Id*.) However, the
11 counsel noted that many class members where not comfortable with the English language. (*Id*.)
12 As needed, the class counsel provided Spanish translations for members of the subclass and gave
13 information in Spanish to any class members who called for information. (*Id*.)

14    Defendant was charged with sending notice to the class, except for the 18 individuals
15 included in the subclass. (Agreement ¶ 9.) In pertinent part, the Agreement provided that

> Before sending the written notices required by this subparagraph, [Defendant] shall confirm and, if necessary, update the addresses for the Class Members through the use of First Data, or Lexis-Nexis.

18 Defendant filed a declaration of Michael Caines, the CEO of First Class, Inc., a claim
19 administrator it retained. The claim administrator checked whether the addresses it received
20 from Defendant's counsel were formatted as required by the Postal Service, that the zip codes
21 were correct, and whether the Postal Service's NCOA Link contained any forwarding addresses.
22 (Decl. of Michael Caines dated Jun. 4, 2009 at 2-3.) However, the declaration does not indicate
23 whether Defendant or the claim administrator confirmed and updated the class members'
24 addresses as required by the Agreement, through the use of the First Data or Lexis-Nexis
25 database. (*See id*.)

26    Furthermore, no attempt was made to send notices to some of the class members. The
27 Agreement required Defendant to "send notice to each Class Member, excluding the 18
28 members of the Subclass." (Agreement ¶ 9(A).) The class, excluding the 18 members of the

1  subclass, consists of 1,388 individuals. However, notices were sent only to 1,350 individuals.
2  (*Id.* at 3.)
3      Based on the foregoing, the paltry response is not surprising. Only 104 individuals
4  returned completed forms and 298 notices were returned as undeliverable. (*Id.*)
5      Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure requires "the best notice that is
6  practicable under the circumstances, including individual notice to all members who can be
7  identified through reasonable effort." In addition, Rule 23(e)(1) requires reasonable notice to all
8  class members who would be bound by the proposed settlement. Based on the record, it does not
9  appear that Defendant complied with these provisions or with the Agreement. Accordingly, the
10 Joint Motion for Final Approval of Settlement is **DENIED WITHOUT PREJUDICE**.
11     It is hereby **FURTHER ORDERED** as follows:
12     1.    The court finds that the notice to the subclass and to the 104 class members who
13 returned completed forms was adequate.
14     2.    Defendant shall send a new notice to the class members, with the exception of the
15 18 members of the subclass and the 104 class members who responded. The notice must comply
16 in all respects with the Agreement, including the address verification and update procedure.
17 Furthermore, given the class counsel's experience with the class members who called for
18 information, Defendant shall include a Spanish translation of the notice and claim form. The
19 notice and the form shall remain the same, except that they shall reflect the dates as stated below.
20     3.    The March 4, 2009 order is hereby modified as follows:
21         A.    Written requests for exclusion must be submitted as provided in Paragraph
22 7 of the March 4, 2009 order, except that they must be postmarked within 75 days from the date
23 this order is filed.
24         B.    Objections to the fairness of the settlement must be submitted as provided
25 in Paragraph 8 of the March 4, 2009 order, except that they must be filed within 75 days from
26 the date this order is filed.
27         C.    The court will hold a hearing as provided in Paragraph 10 of the March 4,
28 2009 order, except the hearing will be held on October 26, 2009 at 11:00 a.m.

D. Any requests for exclusion, objections and claims which are submitted on or before the new due dates, whether they were submitted in response to the first notice or the notice as ordered herein, shall be considered timely.

E. In all other respects, the March 4, 2009 order remains in effect.

4. No later than October 9, 2009, the parties shall file a motion or joint motion for final settlement approval. In support of the motion Defendant shall file an affidavit addressing compliance with the class notice requirements as provided herein. In addition, the parties shall provide affidavits reporting: (1) the number of any requests for exclusion, indicating the date(s) of any requests submitted after the due date set herein; (2) the number any objections, indicating the date(s) of any objections submitted after the due date set herein; (3) the number of notices returned undeliverable; and (4) the number of claims, indicating the date(s) of any claims submitted after the new due date.

**IT IS SO ORDERED**.

DATED: June 30, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL