UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC., and DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Civil No. 05cv2057-L(JMA)<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This class action came before the court for a hearing on October 26, 2009 on the parties' Joint Motion for Final Approval of Second Amended Class Action Settlement ("Joint Motion"). Christina E. Wickman, Esq. and Steven A. Wickman, Esq. appeared on behalf of the class and Lead Plaintiff Darrell Ybarrondo, who was present at the hearing. Debbie P. Kirkpatrick, Esq. appeared on behalf of Defendant. David Israel, Esq. appeared telephonically on behalf of Defendant. The court, having considered all filings and representations of counsel made in relation to the Joint Motion, hereby **GRANTS** the motion. This action is certified as a class action and the Second Amended Class Action Settlement Agreement ("Settlement") is approved as fundamentally fair, adequate, and reasonable.

Lead Plaintiff alleged he received a form debt collection letter from Defendant NCO Financial Systems, Inc. which sought to collect a debt originally owed to American General

Finance ("Letter") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* His complaint sought to certify a class action, obtain a declaratory judgment that Defendant's practices were unlawful, statutory damages, and attorneys' fees, costs and expenses of litigation.

He claims the Letter violated federal and California debt collection laws by stating in part, "your credit bureau report may be reviewed.  Now is the time to improve your credit report." He contends that the reference to credit reporting was misleading because the threat to report the account to credit bureaus could not be legally carried out.  Further, he argues that the reference to credit bureau reporting was misleading because it incorrectly implied that payment or non-payment of the debt may impact a consumer's credit rating.[1]  Defendant denied liability asserted in this case.

On May 22, 2007 the parties filed a Joint Motion for Class Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class.  On May 29, 2007 the California Attorney General's office issued a letter raising concerns about the settlement; however, the parties did not disclose the letter to the court at that time.  This court also found the settlement inadequate to warrant preliminary approval.  By order signed June 4, 2007, the court ordered supplemental briefing and identified the areas of concern the parties were to address.

On December 28, 2007 Lead Plaintiff filed a supplemental brief in support of the joint motion, indicating that the parties had renegotiated the settlement.  However, concerns regarding settlement fairness and other issues remained.  The parties' initial motion was denied without prejudice on January 18, 2008.

Subsequently the parties for the first time engaged in formal discovery.  They renegotiated the settlement again, and on December 23, 2008 entered into the Settlement which is the subject of the Joint Motion before the court.

---

[1] He also alleged that the Letter violated federal law because it failed to include a "validation notice."  Discovery confirmed, however, that the Letter was not the first form collection letter.  Consequently, he agreed to dismiss any and all claims relating to the "validation notice."

In discovery the parties established that the putative class consists of approximately 1,406 individuals to whom the Letter was sent, and determined the timing of the Letter, other collection efforts by Defendant, and payments by members of the putative class.  In sum, 62 of the 1,406 individuals made payments to Defendant at some point in time.  Of the 62 individuals who made payments, 18 made at least one payment within 90 days after Defendant sent him or her the Letter.  Accordingly, the putative class consisted of 1,406 individuals, and included a putative subclass of 18 individuals who began making payments to Defendant within 90 days of the Letter.[2]

In exchange for a release, Defendant agreed to pay $23 to each class member with a timely claim.  It agreed to pay to each member of the subclass the amount he or she had paid Defendant on the account subject to this action beginning within 90 days of the Letter, provided a timely refund claim is submitted.  Furthermore, as to each class member who did not exclude him- or herself from the class, Defendant agreed to waive and forgive the debt referenced in the Letter.  Defendant estimates the debt forgiveness face value at $5.8 million.  Defendant also agreed to pay Lead Plaintiff $2,000 in statutory damages and as recognition of his services as the class representative.  Finally, Defendant promised to pay Class Counsel's reasonable attorneys' fees and costs in the amount to be determined by the court. (Settlement ¶ 24.)

On January 6, 2009 the parties filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Second Amended Class Action Settlement Agreement, and Notice to the Class, which was granted by order dated March 4, 2009.  The court certified on a preliminary basis and for purposes of settlement only a Class defined as follows:

> all natural persons with California addresses who meet the following criteria:  (a) he/she was sent a letter by NCO in the same or substantially similar form to the Letter represented by Exhibit A attached to the settlement agreement; (b) the Letter was sent on or after November 3, 2004 and on or before March 10, 2006, and the Letter was not returned by the Postal Service; and, (c) the Letter seeks to collect a debt originally owed to American General Finance.  NCO represents that there are approximately 1,406 Class Members.  There exists within the Class a Subclass of 18 Class Members who made at least one payment to NCO on his or her American General Finance account referenced in the Letter within 90 days of the date NCO

---

[2]  Unless expressly stated otherwise, all references to the Class and Class members herein include the Subclass and Subclass members.

sent him or her the Letter.

The court approved the Settlement on a preliminary basis and directed the parties to send notice and claim forms to the Class as provided in the Settlement.

On June 8, 2009 the parties filed the Joint Motion for Final Approval of Settlement. By order dated June 30, 2009 the motion was denied without prejudice because the record did not show that Defendant complied with the notice provisions of the Settlement and the March 4, 2009 order.

On October 8, 2009 the parties filed the instant Joint Motion. According to the affidavits filed in support thereof, the class administrator sent notices to 1,349 Class members after eliminating duplicates. A total of 215 notices were returned as undeliverable and 149 claims were received. Class Counsel sent notices to each of the 18 Subclass members. None were returned as undeliverable and 16 refund claims were received. According to the affidavits and representations of counsel at the hearing, no requests for exclusion from the Class and no objections to the Settlement have been received.

Federal Rule of Civil Procedure 23(e) requires court approval before a class action can be dismissed based on a settlement which could bind class members. The proponents of the Settlement (Lead Plaintiff and Defendant), have the burden of presenting evidence and showing that the Settlement should be approved and the action dismissed. *See, e.g., Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003).

**Class Certification**

In order to approve a class action settlement, the court must first make a finding that a class can be certified. *See, e.g., Molski*, 318 F.3d at 943, 946-50. "When, as here, the parties have entered into a settlement agreement before the district court certifies the class, reviewing courts must pay undiluted, even heightened, attention to class certification requirements." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).

Based on the showing made by the parties in support of the Joint Motion and their motion for preliminary class action certification, the court finds they have met their burden on the class

certification elements set forth in Rule 23(a) and (b)(3).  Specifically, the Class exceeds 1,000 members, including the Subclass consisting of 18 members.  The Class is therefore so numerous that joinder is impracticable.  Because the complaint alleges that all Class members received the same allegedly unlawful Letter from Defendant, there are questions of law or fact common to the Class which predominate over questions affecting individual Class members.  For the same reason, Lead Plaintiff's claim is typical of the Class.  The Subclass members have an additional claim to relief because they made payments to Defendant within 90 days of receiving the Letter. Furthermore, the Class Counsel is experienced and capable or fairly and competently representing the interests of the Class.  (*See* Decl. of Steven A. Wickman dated Oct. 6, 2009 ("S. Wickman Decl.").)  Lead Plaintiff and Class Counsel have fairly represented and protected the interests of the Class.  In this case, a class action is superior to other available methods for the fair and efficient adjudication of this case, considering the low interest of the Class members in individually controlling the prosecution of the separate actions and the desirability of concentrating the litigation of these claims in this particular forum.

**Class Notice**

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  In addition, Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement.  The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and binding nature of a class judgment.  Fed. R. Civ. P. 23(c)(2)(B).

On March 4, 2009 the court approved, as modified, the proposed notices and claim forms to the Class.  The addresses of the Class members were identified from Defendant's records in discovery.  After verifying the addresses as required by the Settlement, the notices were mailed by first class mail directly to each member of the Class.  (Decl. of Christina E. Wickman dated Oct. 6, 2009 ("C. Wickman Decl."); First Am. Decl. of Michael Caines dated Oct. 9, 2009 ("Caines Decl."); Decl. of Anthony Albanese dated Oct. 1, 2009 ("Albanese Decl."); Decl. of

Debbie Kirkpatrick dated Oct. 8, 2009 ("Kirkpatrick Decl.").) The Class Counsel was obligated to send notices to the Subclass and Defendant, through a claim administrator, was obligated to send notices to all remaining Class members. (Settlement ¶ 8-10.)

As noted in the June 30, 2009 order, the Class Counsel complied with the notice requirements of the March 4, 2009 order and the Settlement, as is evidenced by the return of 16 refund claims for a Subclass with 18 members. (C. Wickman Decl.)

On the other hand, on June 30, 2009 Defendant was ordered to re-send the notice and claim forms because the record did not show that Defendant complied with the address verification provision of the Settlement. Initially Defendant sent out 1,340 notices. A total of 298 were returned as undeliverable and 104 completed claim forms were received. (Caines Decl.) Pursuant to the June 30, 2009 order, Defendant sent out another round of notices after verifying the addresses as required by the Settlement and including a Spanish translation of the notice and the claim form. (*Id.*; Albanese Decl.; Kirkpatrick Decl.) After this mailing, 215 notices were returned as undeliverable and 45 additional claims were received. (Caines Decl., C. Wickman Decl.)

The notice ultimately sent to the Class members pursuant to the March 4, 2009 and June 30, 2009 orders was the best notice practicable under the circumstances. It provided individual notice to all members of the Class who could be located through reasonable effort.

**Fairness of the Settlement**

"Rule 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Staton*, 327 F.3d at 959, quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.1998); *see also Officers for Justice*, 688 F.2d at 625. If the court so finds, the settlement can be finally approved and the class action dismissed.

The settlement proponents bear the burden on the factors the court must consider in a fairness determination. *See, e.g., Officers for Justice*, 688 F.2d at 625; *Molski*, 318 F.3d at 953. "In determining whether a settlement agreement is fair, adequate, and reasonable to all concerned, a district court may consider some or all of the following factors:

the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of

>further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Molski*, 318 F.3d at 953 (internal citations omitted); *see also Staton*, 327 F.3d at 959.  In addition, settlements which, like the case at hand, "take place prior to formal class certification require a higher standard of fairness." *Molski*, 318 F.3d at 953 (internal quotation marks, brackets and citations omitted).

The Strength of the Plaintiff's Case and the Risk, Expense, Complexity, and Likely Duration of Further Litigation: Lead Plaintiff alleged that the Letter violated federal and California debt collection laws by stating in part, "your credit bureau report may be reviewed. Now is the time to improve your credit report." He contended that the reference to credit reporting was misleading because the threat to report the account to credit bureaus could not be legally carried out due to the age of the debt, and because it incorrectly implied that payment or non-payment of the debt may impact the consumer's credit rating.

Defendant denied liability and asserted numerous defenses, including that the law did not prohibit furnishing information to credit bureaus relating to the debt, and that federal law permits reporting to credit bureaus in certain circumstances. Another area of dispute was causation – the amount of time that could elapse between the Letter and a Class member's payment for the payment to have been caused by the Letter.  Moreover, only approximately 5% of the Class made any payment after receiving the Letter.  All of the foregoing would make liability difficult to prove.

As to damages, federal law requires establishing knowing and willful misconduct to establish liability for monetary damages above actual damages.  In addition, it limits recovery in debt collection class actions to the lesser of $500,000 or 1% of a defendant's net worth.  15 U.S.C. § 1692k(2).  Defendant in this case has a net worth of approximately $6.5 million. Maximum recovery would therefore be limited to approximately $65,000.  Therefore, even if liability were proven, it would be difficult to recover substantial damages.

The Amount Offered in Settlement and the Damages Suffered by the Class: The

Settlement provides $23 to each Class member who timely files a claim. (Settlement ¶ 24.) If every Class member timely filed a claim, this component of the Settlement would amount to more than $31,000. With 165 claims submitted, the actual recovery to the members of the Class under this component of the Settlement is $3,795.

In addition, the Settlement provides for a refund of the money paid by Subclass members to Defendant on the account subject to this case. (Settlement ¶ 24.) If every Subclass member claimed a refund, this part of the Settlement would amount to more than $25,000. With 16 of the 18 claims for refund submitted, the actual recovery under this component is $20,487.88. (C. Wickman Decl.)

To the extent any Class member has an account subject to this lawsuit open with Defendant, Defendant considers the account balance disputed and closed. (Settlement ¶ 24.) Because the debt is disputed, no IRS 1099 tax forms will be submitted to the Internal Revenue Service or any Class members as a result of the Settlement. (*Id*.) Defendant values the current face value of this component of the Settlement at $5.8 million. Because no Class members requested exclusion, the estimated value of this component of the Settlement remains $5.8 million.

The Settlement also offers $2,000 in damages and incentive payment to Lead Plaintiff. Federal law provides for damages of up to $ 1,000 for a named plaintiff. 15 U.S.C. § 1692k(a)(2). Furthermore, "named plaintiffs . . . are eligible for reasonable incentive payments" depending on the actions taken to protect the interest of the class, the degree the class has benefitted, the amount of time and effort expended, and any reasonable fear of retaliation or exposure to sanctions or attorney's fees. *Staton*, 327 F.3d at 977.

Lead Plaintiff brought this case to Class Counsel's attention, met with counsel, reviewed documents, attended court hearings and participated in settlement negotiations. He has taken time off from employment as necessitated by this case, for which time he was not compensated. (Decl. of Darrell Ybarrondo dated Dec. 23, 2008.) The $2,000 award is therefore fair and reasonable.

Last, the Settlement provides for Class Counsel's reasonable attorneys' fees and costs as

ordered by the court. The amount is to be determined based on Class Counsel's motion.

<u>The Extent of Discovery Completed and the Stage of the Proceedings</u>: Initially this case settled before any formal discovery. After the court rejected the initially proposed settlement, the parties conducted formal discovery, including depositions, before entering into the operative settlement agreement. The discovery provided parties with the information necessary to shape a meaningful recovery for the Class.

<u>The Experience and Views of Counsel</u>: Class Counsel have extensive experience in debt collection class action litigation. Based on their experience, investigation and research, they consider the Settlement ultimately reached in this case to be fair, reasonable and adequate. (S. Wickman Decl.)

<u>Reaction of the Class Members</u>: The Class members were given an opportunity to request exclusion or object to the Settlement. No Class members requested exclusion or objected. To the contrary, Class Counsel received numerous telephone calls and inquiries from Class members who were very pleased with the Settlement. (C. Wickman Decl.)

<u>Collusiveness</u>: The Settlement was reached in arm's length negotiations and with the assistance of the Hon. Jan M. Adler. It provides a substantial recovery to the Class. The court therefore has no reason to conclude that the Settlement was collusive.

Based on consideration of the foregoing factors,[3] the Settlement is fundamentally fair, reasonable and adequate. Accordingly, it is hereby **ORDERED** as follows:

1. The Class, including the Subclass, defined in the Settlement at Paragraphs 11 and 12 is certified.

2. The notice of class certification and settlement sent to potential members of the Class complied with the legal requirements.

3. The Settlement reached on behalf of the Class is approved as fundamentally fair,

---

[3] The court did not consider two factors – the risk of maintaining class action status throughout the trial and the presence of a governmental participant. *See Molski*, 318 F.3d at 953. The former factor is not relevant to this case. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (risk of maintaining class action status throughout the trial not relevant in cases of settlement-only class certification). As to the latter factor, the case did not involve a government participant.

1  reasonable and adequate.
2      4. The Joint Motion for Final Approval of Second Amended Class Action Settlement is
3  **GRANTED**.
4      **IT IS SO ORDERED**.

6  DATED: October 28, 2009

                                          M. James Lorenz
                                          United States District Court Judge