Steven A. Wickman, Esq. (CSB 165149)
steve@wickmanlaw.com
Christina E. Wickman, Esq. (CSB 236882)
christina@wickmanlaw.com
WICKMAN & WICKMAN,
ATTORNEYS AT LAW
5151 Murphy Canyon Road, Suite 100
San Diego, CA 92123
Tel: 858/292-9999
Fax: 858/277-3456

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL YBARRONDO, on behalf of himself and all others similarly situated,<br><br>           Plaintiff,<br>    vs.<br>NCO FINANCIAL SYSTEMS, INC. and DOES 1 through 25, inclusive,<br><br>           Defendants. | Case No.: 05 CV 2057 L (JMA)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF AGREED ATTORNEYS FEES, COSTS AND EXPENSES<br><br>Date:        February 16, 2010<br>Time:        10:30am<br>Courtroom:  14<br><br>Hon. M. James Lorenz |

<u>TABLE OF CONTENTS</u>

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

II.     BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

III.    AS THE PREVAILING PARTY PLAINTIFF IS ENTITLED TO REASONABLE
        ATTORNEY'S FEES, COSTS AND EXPENSES . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     PLAINTIFF'S REASONABLE ATTORNEY'S FEES ARE BASED ON A
        LODESTAR CALCULATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.      UNDER THE LODESTAR STANDARD, PLAINTIFF'S ATTORNEYS ARE
        ENTITLED TO FULL COMPENSATION FOR THEIR WORK IN THIS
        LITIGATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

        A.  The Time and Labor Required . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        B.  Whether the Fee is Fixed or Contingent . . . . . . . . . . . . . . . . . . . . . . . . . . .11

        C.  The Results Obtained. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

        D.  The Undesirability of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        E.  The Experience, Reputation, and Ability of the Attorneys . . . . . . . . . . . . . 12

        F.  Awards in Similar Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

        G.  Time Records Support Lodestar . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        H.  The Award of Attorneys' Fees Is Not Limited by the Amount of Monetary
            Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.     PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND
        LITIGATION EXPENSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII.    THE PARTIES HAVE AGREED UPON PAYMENT OF PLAINTIFF'S
        COUNSEL'S ATTORNEYS FEES, COSTS AND EXPENSES SUBJECT TO
        COURT APPROVAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

VIII.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

1

## TABLE OF AUTHORITIES

2

<u>Statutes/Secondary Authority</u>

3  15 U.S.C. § 1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 15

4  42 U.S.C. § 1988. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 13

5  Fed. R. Civ. P. 23 (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3

6  Fed. R. Civ. P. 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7  Cal. Code Civ. § 1788 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8  <u>Cases</u>

9  *Accord In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 568-70 (7th Cir. 1992) . . . . . . . . . . . . . . 16

10  *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 D. Minn., Sept. 5, 2002). . . . . 14

11  *Blum v. Stenson*, *supra*, 465 U.S. 886, 895 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

12  *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) . . . . . . . . . . . . . . . 9

13  *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) . . . . . . . . . . . . . . . . . . . . . 13, 14

14  *Defenbaugh v. JBC & Associates*, P.C. 2004 WL 1874978 (N.D. Cal. 2004). . . . . . . . . . .12

15  *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990). . . . . . . . . . 8

16  *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980). . . . . . . . . . . . . . . . . . . . . 16

17  *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995). . . . . . . 8

18  *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). . . . . . . . . . . . . 8

19  *Evans v. Jeff D.*, 475 U.S. 717, 735 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

20  *Friend v. Kolodzieczak*, 72 F. 3d 1386 (9th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 8, 9

21  *Gastill v. Gondon*, 160 F.3d 361, 363 (7th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . .17

22  *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). . . . . . . . . . . . . . . . . . . . . 8, 14

23  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 16

24  *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999). . . . . . . . . . . . . . . . . . . . . . 15

25  *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001). . . . . . . . . . . . . . . . . . . . 14

26  *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989). . . . . . . . . . . .10

27  *Johnson v. Eaton*, 80 F.3d  148 (5th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . .14

28  *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) . . . . . . . . . . . . 16

*Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987). . . . . . . . . . . . . . . . 8, 10

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). . . . . . . . . . . . . . . . . . . . . . . 10

*Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794  (11th Cir. 1999). . .15

*Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). . . . . . . . . . . . . . . . . . . . . . . . 15

*Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428 (1973) . . . . . . . . . . . . . . . . . .10

*Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14, 15

*Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989). . . . . . . . . . . . . 8

*Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Robinson v. NCO Financial Systems, Inc.*, (N.D. Cal. 2005) C05-04006 CW (MEJ)  . . . . . 12

*Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996) 7, 10

*Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 10

*United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983). . . . . . . . . . . . . 15

*Zagorski v. Midwest Billing Services, Inc.,* 128 F.3d 1164, 1166 (7th Cir.1997) . . . . . . . . .13

## I.      INTRODUCTION

Plaintiff, Darrell Ybarrondo, by and through his counsel of record, hereby moves the Court to enter an order approving agreed attorneys fees, costs, and expenses.  In support of this Motion, Plaintiff submits the following:

## II.     BACKGROUND

On November 3, 2005, Plaintiff, Darrell Ybarrondo, filed a class action complaint (hereinafter referred to as the "Lawsuit") against NCO, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the California Fair Debt Collection Practices Act ("California FDCPA"), Cal. Civil Code § 1788, *et seq.*  Plaintiff alleged specifically that a form debt collection letter mailed by NCO (the "NCO B5" letter) violated the FDCPA and California FDCPA by stating in part "your credit bureau report may be reviewed.  Now is the time to improve your credit report."  Plaintiff contended that the reference to credit reporting was misleading because the threat to report the account to credit bureaus could not be legally carried out.  Further, Plaintiff contended that the reference to credit bureau reporting was misleading because it incorrectly implied that payment or non-payment of the debt may impact the consumer's credit rating.  (Plaintiff also alleged that the letter violated the FDCPA because it failed to include the FDCPA "validation notice."  Discovery, however, confirmed that the letter was not the first form collection letter, so Plaintiff agreed to dismissal of any and all claims relating to the "validation notice.")  NCO denied any and all liability asserted in the Lawsuit.

In an attempt to settle the Lawsuit, the Parties participated in extensive settlement discussions and a settlement conference on March 23, 2006, before Magistrate Judge Jan M. Alder. As a result, the Parties reached a settlement in principle, with the detailed terms of the settlement to be further negotiated and agreed upon by the Parties.  The Parties subsequently entered into a written settlement agreement, and on May 22, 2007 filed a Joint Motion for Certification of a Settlement Class, Preliminary Approval of Class Action Settlement Agreement, and Notice to the Class.  On May 29, 2007, Herschel T. Elkins, Special Assistant Attorney General, Office of the California Attorney General, issued a letter raising concerns

about the settlement terms.  On June 4, 2007, the Hon. M. James Lorenz, United States District Judge, issued an order raising concerns about the settlement terms and requesting supplemental briefing in support of the settlement.

In light of the issues raised by Judge Lorenz and Mr. Elkins, the Parties conducted further settlement discussions to renegotiate the terms of the settlement to address those concerns.  On December 21, 2007, the Parties entered into a First Amended Class Action Settlement Agreement and on December 28, 2007 filed supplemental briefing in support of a joint motion for certification and preliminary approval.  On January 18, 2008, Judge Lorenz issued an order denying without prejudice the Parties' joint motion for preliminary approval of the amended settlement agreement.  The Court expressed concern with the fundamental fairness of the settlement.

The Parties then engaged in formal discovery. Plaintiff propounded interrogatories, requests for admissions, and document requests to NCO, and conducted the deposition of NCO's corporate representative.  During the course of discovery, information was developed as to the temporal relationship between the NCO B5 letter, other collection efforts by NCO, and payments by members of the class.  In sum, 62 of the 1,368 class members made payments totaling $71,457.05 to NCO at some point in time.  Of the 62 class members who made payments, 18 made at least one payment within 90 days after NCO sent him/her an NCO B5 letter.

In light of the fairness concerns raised by Judge Lorenz to the previous settlement formulation, and with the information developed during the course of discovery, the Parties conducted further settlement discussions to renegotiate the terms of the settlement.  The Parties conducted a further settlement conference with Magistrate Judge Jan M. Adler on October 21, 2008.  The Parties entered into a Second Amended Settlement Agreement on December 23, 2008 (hereinafter referred to as the "Agreement"), which superseded and replaced the First Amended Class Action Settlement Agreement entered into by the Parties on December 28, 2007.  The Agreement is subject to review under Fed. R. Civ. P. 23.

On March 4, 2009, the Court entered an Order of Preliminary Approval of Class

Action Settlement (hereinafter referred to as the "Preliminary Approval Order").  Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs; (ii) appointed Plaintiff Darrell Ybarrondo as the Class Representative; and, (iii) appointed Steven Wickman, Esq. and Christina Wickman, Esq., Wickman & Wickman, Attorneys at Law as Class Counsel.  On June 30, 2009, the Court entered an Order denying without prejudice the parties' Joint Motion for Final Approval of Settlement which required further notice be given to members of the class who had not submitted a claim.

On October 26, 2009, after the required class action notices were mailed, a Fairness Hearing was held before the Hon. M. James Lorenz, pursuant to Fed. R. Civ. P. 23, to determine whether the Lawsuit satisfied the applicable prerequisites for class action treatment and whether the proposed settlement was fundamentally fair, adequate, and reasonable and in the best interest of the settling class members and should be approved by the Court.  The Court found in the affirmative and granted the parties' Joint Motion for Final Approval of Class Action Settlement. On October 28, 2009, the Court entered Final Judgment and Order of Dismissal with Prejudice as to the entire action, excepting Class Counsel's attorneys' fees, costs, and expenses, which is the subject of this motion.

### III.   AS THE PREVAILING PARTY PLAINTIFF IS ENTITLED TO REASONABLE ATTORNEYS FEES, COSTS AND EXPENSES

As the prevailing party in this case, Mr. Ybarrondo is entitled to an award of costs and reasonable attorney's fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996). The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of [actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. §1692k(a)(3).

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to plaintiffs for a debt collector's violation of "any provision" of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). "Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted).

Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990). As Plaintiff Darrell Ybarrondo was the prevailing party in this litigation, he is entitled to an award of attorneys' fees, costs and expenses.

## IV.   PLAINTIFF'S REASONABLE ATTORNEYS' FEES ARE BASED ON A LODESTAR CALCULATION

The U.S. Supreme Court has established a guideline for determining the amount of a reasonable fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Ninth Circuit applies the *Hensley* formula, commonly referred to as the "lodestar." See *Jordan v. Multnomah County,* 815 F.2d 1258, 1262 (9th Cir. 1987), citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Friend v. Kolodzieczak*, 72 F. 3d 1386 (9th Cir. 1995). The multiplication of the reasonable number of hours expended times the reasonable

hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995). To determine whether the amount of time expended is reasonable, the Court must review time records to determine whether the time claimed is adequately documented and whether any time was unnecessary, duplicative, or excessive. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Id.* at 1210-11.

Here, the Court does not need to speculate what the market price would be or what fee might have been negotiated by Plaintiff and members of the class. Consistent with the foregoing precedents, the parties negotiated the fees, costs, and expenses NCO will pay to Class Counsel for their work on behalf of Plaintiff and members of the class, subject to Court approval. As set forth in Class Counsel's declarations, the negotiated fees are well below the lodestar amounts requested. S. Wickman Decl. ¶15; C. Wickman Decl. ¶13. The result is an amount that reflects a negotiated compromise reached through arm's length bargaining by informed parties. Moreover, it was well after parties negotiated the other terms and provisions and not until after final approval was an agreement reached as to attorney's fees. S. Wickman Decl. ¶10; C. Wickman Decl. ¶9 Further, the negotiated attorneys' fees, costs, and expenses payable by NCO will not reduce the amount of the settlement to the class in any way. Moreover, NCO is represented by highly skilled lawyers, and does not need (and has not sought) protection from the Court for the results of their own negotiations regarding the amount of the fees and expenses they have agreed to pay Class Counsel.

## V.   UNDER THE LODESTAR STANDARD, PLAINTIFF'S ATTORNEYS ARE ENTITLED TO FULL COMPENSATION FOR THEIR WORK IN THIS LITIGATION

The statute and legislative history establish that 'reasonable fees' under 42 U.S.C. section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel."

*Blum v. Stenson*, 465 U.S. 886, 895 (1984) (footnote omitted)."    As indicated in the previous section, the U.S. Supreme Court has explained the calculation for an award of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Also, see: *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " *Hensley v. Eckerhart*, supra at 433, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interpreted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428 (1973)).

Furthermore, in order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . Paying counsel in FDCPA cases at rates lower that those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).  In calculating the lodestar, courts should consider the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67 (9th Cir. 1975), cert. denied 425 U.S. 951 (1976).  *Jordan v. Multnomah County*, 815 F.2d at 1264 n.11.  The lodestar as determined by the *Kerr* factors compels an award of reasonable attorney's fees in the case, as follows:

### A.  The Time and Labor Required

The parties settled only after Class Counsel filed a Complaint, followed Fed. R. Civ. P. Rule 26 procedures, participated in settlement conferences before Magistrate Judge Jan M. Adler, served written discovery and reviewed Defendant's discovery responses, reviewed and analyzed substantial amounts of data relating to payments by class members and, thereafter,

took the deposition of NCO's corporate representative.   The parties moved for preliminary approval three times, each time with extensive briefing and affidavits, and twice for final approval, again with extensive briefing and affidavits.   Temporally, the case took nearly four years from start to finish.  Class Counsel Steven A. Wickman expended over 108 hours on this action S. Wickman Decl. ¶14.  Class Counsel Christina E. Wickman expended over 386 hours on this action.  C. Wickman Decl. ¶12.

### B.  Whether the Fee is Fixed or Contingent

In this case, and in most cases filed under the FDCPA, individual recoveries are generally not large due to minimal actual damages and the $1,000 limit on statutory damages. Unlike defense counsel in FDCPA cases, who are generally paid an hourly contractual rate, it is typically not feasible for the victim of FDCPA violations to pay a lawyer an hourly rate to prosecute a case.   Payment of the victim's attorney's fees in FDCPA is therefore usually contingent upon a successful action.  Such is the case in this action.

### C.  The Results Obtained

NCO will provide a $23 settlement check to each class member who did not exclude himself or herself from the class and who timely submitted a completed Claim Form, or a total of $3,795.00 based on 149 class members and 16 subclass members having claimed in for a settlement check. NCO will provide a refund check to each subclass member who did not exclude himself or herself from the class and who timely submitted a completed Refund Claim Form. The refund check will consist of 100% of payments made by said subclass member to Defendant on the account that was the subject of the Letter NCO sent to him or her.  Refund amounts range from $30 to $4,100 and total $20,487.88.   Additionally, NCO will waive and forgive the underlying debt (a portfolio valued at $5.8 million) referred to in the Letter sent by NCO to the class.  Per the terms of the Settlement Agreement, because the underlying debt is disputed, no IRS 1099-C tax forms will be submitted to the IRS/issued to any Class Member due to the dispute, which means the class members will not incur a tax liability/obligation for the forgiven debt. Plaintiff is informed and believes that this is the first FDCPA class action in which actual damages were obtained for the class.  S. Wickman Decl.

¶7; C. Wickman Decl. ¶6. In short, Plaintiff obtained an exceptionally good result in this action.

### D.  The Undesireablity of the Case

Sadly, FDCPA class actions do not attract as many lawyers as other types of consumer class actions.  This is because the risks of litigation often outweigh the potential financial reward.  When Class Counsel undertook to represent Plaintiff and members of the putative class, it was with the knowledge that it would involve untold hours of hard work in a case against a well-heeled and resourceful adversary (NCO is the largest debt collection company in the world) and its insurance carrier, without the assurance of getting paid for efforts and resources expended.  Accordingly, the contingent nature of the fee and the risk of litigation in this case should be given substantial weight in reviewing the application for fees, costs, and expenses.

### E.  The Experience, Reputation and Ability of the Attorneys

Class Counsel are experienced and able counsel.  Steven Wickman has extensive experience prosecuting FDCPA class actions Mr. Wickman has been prosecuting consumer actions since 1994.  Since 2004, Mr. Wickman has been actively involved in consumer class actions and has been certified as adequate class counsel in five cases to date. S. Wickman Decl. ¶6.   Christina Wickman, too, has extensive consumer litigation experience and has previously been deemed adequate class counsel in two actions prior to this one. C. Wickman Decl. ¶ 5.

### F.  Awards in Similar Cases

*Robinson v. NCO Financial Systems, Inc.*, (N.D. Cal. 2005, C05-04006 CW (MEJ)) involved the same defendant as in the subject case, and was prosecuted by Wickman & Wickman (jointly with co-counsel).   A total of $165,200 was paid to Class Counsel for fees, costs, and expenses.  The *Robinson* settlement was of similar value to the class, but did not include an award of actual damages to a subclass.  Furthermore, the case was resolved in approximately 18 months.

*Defenbaugh v. JBC & Associates*, P.C. 2004 WL 1874978 (N.D. Cal. 2004) is

illustrative of an award in a similar case as well, although that case was smaller in scale (in terms of monies collected by Defendants) and resolved much sooner than the present litigation.  The collection letter from the defendant in *Defenbaugh* had been sent to 5,700 individuals and defendants had collected approximately $30,000 in response to the letters. The *Defenbaugh* settlement included monetary relief to putative class members (although no actual damages) and the payment of maximum statutory damages to the named plaintiff.  In *Defenbaugh*, Magistrate Judge Spero awarded attorneys' fees based on the lodestar method and found that the reasonable hourly rates for plaintiff's attorneys were $435, $400, and $295 per hour.  The total attorneys' fee award, not including costs, was $35,820 for work on the merits, and $15,130 for work on the attorneys' fee motion.

## G.  Time Records Support Lodestar

The time for which Class Counsel seek compensation is based on contemporaneous time records.  S. Wickman Decl. ¶14 and C. Wickman Decl. ¶12.  Typically, as it the case here, time records do not reflect every minute spent on the case and exclude time for minor or administrative type tasks.  The total lodestar calculation for the award of attorneys' fees, including both work on the merits and work on the attorneys' fee issue is over $120,000.00. S. Wickman Decl. ¶15 and C. Wickman Decl. ¶13.

## H.  The Award of Attorneys' Fees Is Not Limited by the Amount of Damages

As long as the plaintiff is successful, i.e., recovers more than nominal damages, the plaintiff should be awarded attorneys' fees pursuant to a lodestar calculation. "In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581 (footnote omitted).  Also see: *Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir.1997).

The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage

awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks in the Congressional Record: If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers. *City of Riverside v. Rivera*, *supra* at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted). The Third Circuit amplified this thought stating: Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated. *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such plaintiffs to act as private attorneys general." Id., at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

The amount of damages awarded often has borne no relation to the amount of attorney's fees granted. "[A]ttorney's fees awarded by district courts have `frequently outrun the economic benefits ultimately obtained by successful litigants." *Evans v. Jeff D.*, 475 U.S. 717, 735 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).    For example, in *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 D. Minn., Sept. 5, 2002), the district court approved the award of $43,180 in attorney's fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001). In *Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990), the district court awarded $10,110 in attorney's fees plaintiff's recovery was only $1,200.

/ /

**VI.    PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES**

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. The District of Nevada stated that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C.§1692k(a)(3).   Long distance telephone and faxing expenses, as well as copying and postage have been awarded as costs. *Sousa v. Miguel* 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. See: *Lathem v. Department of Children & Youth Servs.*, 172 F.3d 786, 794  (11th Cir. 1999). Computer research costs are recoverable. *United Nuclear Corp. v. Cannon*, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.") Thus, the plaintiff's litigation expenses and costs are compensable.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

## IV.   THE PARTIES HAVE AGREED UPON PAYMENT OF PLAINTIFF'S COUNSEL'S ATTORNEYS FEES, COSTS AND EXPENSES SUBJECT TO COURT APPROVAL

Subject to Court approval, Class Counsel and NCO have agreed upon payment of Class Counsel's attorneys' fees, costs and expenses.  Class Counsel and NCO's counsel have engaged in arms-length negotiations of attorneys' fees, costs and expenses.  S. Wickman Decl. 10; C. Wickman Decl. 9. In total, NCO has agreed to pay the sum of $65,000.00 in attorney's fees, costs and expenses S. Wickman Decl. ¶¶ 11,15; C. Wickman Decl. ¶¶ 10,13, as set forth in Class Counsel's declarations filed concurrently herewith. The negotiated fees and costs and expenses are well below lodestar amounts requested.

The United States Supreme court has encouraged a consensual resolution of attorneys fees as the ideal toward which litigants should strive.  In *Hensley v. Eckerhard*, 461 U.S. 424 (1983), the United States Supreme Court said:  A request for attorneys fees should not result in second major litigation.  Ideally, of course, litigants will settle the amount of a fee. *Id*. at 437. *Accord In re Cont'l Ill. Sec. Litig*., 962 F.2d 566, 568-70 (7th Cir. 1992) (market factors, best known by the negotiating parties themselves, should determine the quantum of attorneys' fees.  It is widely recognized that fee agreements between plaintiffs and defendants are urged. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974) ("In cases of this kind, we encourage counsel on both sides to utilize their best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees.")

Given the reliance of our legal system on private litigants to enforce substantive provisions of law through class actions, attorneys providing the essential enforcement services must be provided incentives comparable to those negotiated in the private bargaining that takes place in the legal marketplace, as it would otherwise be economic for defendants to practice injurious behavior.  See *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326 (1980).  It has therefore been urged (most persistently by Judge Richard Posner of the Seventh Circuit) that in defining a "reasonable fee" in such representative actions, the law

should "mimic the market." See e.g. *Gastill v. Gondon*, 160 F.3d 361, 363 (7th Cir. 1998).

**VIII.   CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court grant his motion for attorneys' fees, costs, and expenses in the amount of $65,000.00.

Respectfully submitted this 10th day of November, 2009, in San Diego, CA.

WICKMAN & WICKMAN, ATTORNEYS AT LAW

__/s/ Christina E. Wickman_____
Steven A. Wickman, Esq.
Christina E. Wickman, Esq.
Attorneys for Plaintiff